**UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION**

| | | |
|---|---|---|
| In re MINOR FAMILY HOTELS, LLC, | ) | Case No. 10-62543-LYN |
| | ) | |
| Debtor. | ) | |
| | ) | |
| SPECIALTY FINANCE GROUP, LLC, | ) | Adv. No. 10-06112 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MINOR FAMILY HOTELS, LLC and HALSEY MINOR, | ) ) | |
| | ) | |
| Defendants and Third Party Plaintiffs, | ) ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HOTEL CHARLOTTESVILLE, LLC and LEE DANIELSON, | ) ) | |
| | ) | |
| Third Party Defendants, | ) | |
| | ) ) ) | |

**MEMORANDUM ON MOTION TO REMAND**

This matter comes before this Court on a motion by Specialty Financing Group, LLC ("the Lender") to remand the above-styled adversary proceeding ("Adversary 10-06108") to the State Court of Fulton County, State of Georgia ("The Fulton County Court") for further proceedings before that Court. Minor Family Hotels, LLC ("the Debtor") opposes the motion. The motion will

1

be granted.

### *Jurisdiction*

This Court has jurisdiction over this matter. 28 U.S.C. § 1334(a) & 157(a). This proceeding is a core proceeding. 28 U.S.C. § 157(b)(2)(A). This Court may enter a final order. This memorandum shall constitute the Court's findings of fact and conclusions of law as required by Fed. R. Civ. P. 52, which is made applicable in this proceeding by Fed. R. Bankr. P. 7052.

### *Facts*

In or about 2005, Hotel Charlottesville, LLC, ("the Developer") began a project to build a hotel ("the Hotel") on the downtown mall in Charlottesville, Virginia. The Developer eventually persuaded Halsey Minor ("Mr. Minor") and Minor Family Hotels, LLC ("the Debtor") to provide equity investment that would partially finance the project. Mr. Minor is the sole owner of the Debtor. (The Debtor and Mr. Minor are referred to herein collectively as "the Owners"). In March of 2008, the Lender agreed to loan the Debtor $23.69 million to build the Hotel. The Debtor executed a promissory note ("the Promissory Note") in connection with the loan. Mr. Minor agreed to guarantee the Promissory Note. Clancy and Theys Construction Co. ("the General Contractor") was employed to oversee the construction of the Hotel. In early 2009, a dispute developed in stages that eventually involved the Owners, the Lender, the Developer, the General Contractor and some of the subcontractors.

On February 11, 2009, the Owners filed a complaint initiating a suit ("the Virginia Action") against the Developer in the Circuit Court for the City of Charlottesville in the Commonwealth of Virginia ("the Charlottesville Circuit Court"). The complaint alleged causes

of action sounding in fraud and breach of contract.[1]  On February 19, 2010, the Owners filed a motion to join the Lender in the Virginia Action.  The Lender was joined.  The Charlottesville Circuit Court subsequently ordered the Debtor and the Developer to go to arbitration.  The arbitration resulted in a judgment in favor of the Debtor and against the Developer in the amount of approximately $7.9 million for damages, attorneys' fees and costs.

On February 24, 2010, the Lender filed a complaint initiating an action ("The Georgia Action") against the Owners in the Fulton County Court.  The complaint alleged that the Debtor had breached its obligation under the Promissory Note and that Mr. Minor had breached his obligation arising from his guarantee concerning the Promissory Note.  The Owners answered and counterclaimed against the Lenders alleging the same causes of action that they had alleged in the Virginia Action.  The Owners also filed a third party complaint against the Developer.

On June 5, 2009, the General Contractor filed a complaint in the Charlottesville Circuit Court against the Debtor and the Lender, among others, to foreclose on mechanic's liens ("the Virginia Lien Action").  The Debtor counterclaimed against the General Contractor for Breach of Contract.  Subcontractors subsequently also brought separate actions to foreclose on mechanic's liens.  Those actions were consolidated with the Virginia Lien Action.

The Debtor asserts that the Virginia Action, the Georgia Action and, to some extent, the Virginia Lien Action, involve a scheme by the Lender, the Developer and the General Contractor to defraud the Owners by concealing the costs of construction of the Hotel.

*Discussion*

A party may remove a claim or cause of action to district court, and by reference to the

---

[1] The causes of action were for Breach of Contract, Breach of the Implied Covenant of Good Faith and Fair Dealing, Breach of Fiduciary Duty, Fraud in the Inducement, Fraud and Constructive Fraud.

bankruptcy court, if such court has jurisdiction of such claim or cause of action under 28 U.S.C. § 1334.  The court to which such claim or cause of action is removed may remand such claim on any equitable grounds.  28 U.S.C. § 1452.

Courts weigh twelve factors in determining whether to invoke discretionary abstention. Eastport Assoc. v. City of Los Angeles, 935 F.2d 1071, 1075 (9th Cir. 1991) citing Christianson v. Tucson Estates, Inc. (In re Tucson Estates, Inc.) 912 F.2d 1162, 1167 (9th Cir. 1990).  Also see  Fidelity National Title Insurance Company v. Franklin (In re Franklin), 179 B.R. 913, 928 (Bankr. E.D.Cal. 1995) and Republic Reader's  Serv., Inc. v. Magazine Serv. Bureau, Inc. (In re Republic Reader's Serv., Inc.), 81 B.R. 422, 429 (Bankr. S.D. Tex. 1987).  The factors that a court should weigh when considering discretionary abstention and remand are the same. Roddam v. Metro Loans, Inc. (In re Roddam), 193 B.R. 971 (Bankr. N.D. Ala. 1996).

The twelve factors are "(1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention [or remand], (2) the extent to which state law issues predominate over bankruptcy issues, (3) the difficulty or unsettled nature of the applicable law, (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court, (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334, (6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case, (7) the substance rather than form of an asserted 'core' proceeding, (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court, (9) the burden of [the bankruptcy court's] docket, (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties, (11) the existence of a right to a jury trial, and (12) the presence in the proceeding of

nondebtor parties." See Eastport, 935 F.2d at 1075-1076.

The "list serves to provide an intellectual matrix to guide the judge who considers abstention [or remand] . . ." Franklin, 179 B.R. at page 928. While all factors should be considered, the exercise is one of legal analysis, not accounting. A factor that is important in one case may be irrelevant in another. A factor that is of little consequence in one case may be dispositive in another.

As a preliminary matter it is necessary to determine whether the instant proceeding is a "core" proceeding. "Whether a proceeding is core or not is relevant to the sixth Tucson Estates factor, the degree of relatedness to the main bankruptcy case, and to the seventh factor, the substance of an asserted core proceeding. See Tucson Estates, 912 F.2d at 1168-69. It is also related to the twelfth factor, the presence of nondebtor parties." Eastport 935 F.2d at 1076.

By virtue of the order of reference, this Court has jurisdiction over cases under title 11, proceedings arising under title 11 or arising in or related to a case under title 11. See 28 U.S.C. § 157(a). This Court may enter final judgments in matters that are determined to be core proceedings if they are cases under title 11, proceedings arising under title 11 and proceedings arising in title 11. Matters that are not core proceedings are considered to be matters that are related to proceedings under title 11. Whether this adversary dispute is a core matter is determined in the first instance on the basis of whether it arises under title 11, arises in title 11 or is related to title 11.

A proceeding that arises under title 11 of the United States Code is one that is created by title 11. 1 Collier On Bankruptcy, "Jurisdiction and Powers of Courts", ¶ 3.01[4][c] (15th ed. 2006). The alleged causes of action arise under state law. Rights in this adversary proceeding

5

are not created by title 11.  This adversary proceeding does not arise under title 11 of the United States Code.

Matters that arise in title 11 are those that could not be the subject of a lawsuit in the absence of the filing of a bankruptcy case.    1 Collier On Bankruptcy, "Jurisdiction and Powers of Courts", ¶ 3.01[4][c][iv], p. 3-31 (15th ed. 2006 ).  This action was filed originally in state court and so it is not an action that arises in title 11.

The test that has found the most widespread acceptance for determining whether a proceeding is related to a bankruptcy case is that which defines a civil proceeding as being related to a case if "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy."  1 Collier On Bankruptcy, "Jurisdiction and Powers of Courts", ¶ 3.01[4][c][ii][B], p. 3-25&26 (15th ed. 2006 ) (Quoting Pacor, Inc. v. Higgins, 743 F.2d 984, 994 (3rd. Cir. 1984)).  (Other citations omitted.).  This proceeding could, obviously, have an effect on the administration of this estate.   It is a related proceeding.  As such, it is not a core proceeding.

Related non-core proceedings, however, can take on the character of a core proceeding under certain circumstances.  "Traditionally non-core claims against a creditor in an adversary proceeding will be considered core if: (1) the claim arises out of the same transaction as the creditor's proof of claim or setoff claim, or (2) the adjudication of the adversary proceeding claim would require consideration of issues raised by the proofs of claim or setoff claim such that the two claims are logically connected." In re Iridium Operating, LLC, 285 B.R. 822, 831-32 (S.D.N.Y.2002).   While it may be reasonably anticipated that the Lender, the Developer, and perhaps even the General Contractor will eventually file proofs of claim in this case, they have

not yet done so.   While the adversary proceeding is now non-core, the Court would expect that to change as the parent case progresses.

We turn now to the factors to be considered.  First, the court is to consider  the effect on the efficient administration of the bankruptcy estate if the Court does not remand the matter to the Fulton County Court.  It is concluded that denial of the motion to remand would delay the resolution of this dispute for many months if not for a year or more, which would in turn delay the prosecution of this bankruptcy case.  The Georgia Action is nearing its end.  The parties have actively prosecuted the case for more than eighteen months.  The Fulton County Court has ruled on ten discovery motions, held four separate status conferences and entered three case management orders.  The Debtor alone has expended more than $5 million in legal fees in the three actions.  The Lender has expended more than $3 million in legal fees in the three actions.  The Debtor has attached more than 2,700 pages of Exhibits to its notice of removal.  Argument on dispositive motions has been set to be heard before the Fulton County Court on October 20-21, 2010, less than one month from the date of the order on this motion to remand.  The trial in that Court is currently set for November 1, 2010, less than two months from the date of the order on this motion to remand.

This Court would not entertain a trial so soon.  While this Court might find a way to set argument on motions for summary judgment and even a trial in the next few months, it is not unreasonable to believe that the parties, or at least one of them, would file motions in this court that would further delay the resolution of this matter.  While the prosecution of the dispute would not necessarily be repeated, the litigation would, to some extent, begin anew.    Finally, it would take some time for this Court to become as familiar with the dispute as the Fulton County

Court. This factor very strongly counsels this Court to grant the motion for remand.

The second concerns an analysis of the extent to which state or federal law predominates over bankruptcy issues. In this case, all causes of action are based on state law,[2] which counsels for remand.

At the hearing on this matter, the Debtor raised the prospect of filing a motion to subordinate the Lender's claim, if any, under 11 U.S.C. § 510. This is not a reason to deny the motion to remand. First, the issue constitutes a comparatively small part of the dispute between the parties. Second, and more importantly, the Debtor will not be estopped from eventually raising the issue of subordination, if appropriate, even if the proceeding is remanded to the Fulton County Court.[3] The second factor weighs heavily in favor of abstention.

The third factor, the difficulty or unsettled nature of the applicable law, is not a factor in this case.

The fourth factor, the presence of a related proceeding in state court or another bankruptcy court counsels for remand. As noted, the Georgia Action was commenced more than eighteen months ago. It would be highly inefficient to begin the process anew. Remand to that Court is appropriate. This factor weighs heavily in favor of abstention.

The fifth factor is whether there is another basis for federal jurisdiction other than 28 U.S.C § 1334. In this case there is none. The Debtor could not bring the causes of action that it has pleaded in the Georgia Action in this Court but for the filing of the bankruptcy petition. As

---

[2] The parties disagree on whether Virginia law or Georgia law controls their dispute. This disagreement is not relevant to the motion to remand before this Court.

[3] A motion for subordination of a claim under Section 510 initiates a proceeding that arises under title 11. As such, the Fulton County Court does not have jurisdiction to hear any such motion.

such this factor counsels for remand.

The sixth factor is the legal proximity of the instant case to the parent proceeding. The instant case is quite relevant to the path that the parent case will eventually take. To some extent, this factor counsels this Court to deny the motion for remand. This factor, however, is not sufficiently significant in this case to overcome the weight of argument for remand.

The seventh factor is the substance, rather than the form, of the asserted core proceeding. Even if the Adversary Proceeding were to be transformed into a core proceeding by the filing of a proof of claim or proofs of claim, its substance would continue to be based on state law. This factor counsels this court to grant the motion for remand.

The eighth factor, the feasibility of separating state court matters from the matters to be determined in this court, is not a factor.

The ninth factor, the burden on the bankruptcy court's docket, is not a factor in this case. Bankruptcy courts are sufficiently busy that a multi-week trial would be difficult to accommodate, but it could be accomplished if necessary.

The tenth factor, the likelihood that bringing the proceeding to the bankruptcy court involves forum shopping, is either neutral or mildly favors remand. The removal was, of course, forum shopping by the Debtor at some level, but probably not to such an extent that it would offend the sensibilities of the Court. The Debtor argues that it was the Lender who engaged in forum shopping when it initiated the Georgia Action after the Debtor had filed the Virginia Action. If the initiation of the Georgia Action was forum shopping on the part of the Lender, then it was an issue for the Fulton County Court to consider at that time. It is not relevant to the motion before this Court. This factor counsels, to some extent, for remand to the Fulton County

Court.

The eleventh factor, the existence of a right of a jury trial, is not a significant factor in this case.

The twelfth factor, the presence in the proceeding of non-debtor parties, also counsels for remand.

As noted, the twelve factors are an intellectual matrix to be used to guide a court in considering a motion to abstain or a motion to remand. In this case, the first, second, and fourth factors strongly counsel this Court to remand the Georgia Action to the Fulton County Court. The fifth, seventh, tenth and twelfth factors tend to counsel for remand. The third, eighth, ninth, and eleventh factors provide no guidance in this instance. Only the sixth factor, the proximity of the adversary proceeding to the parent case, counsels for denial of the motion to remand. It however, is not a strong factor in this case. It is not nearly sufficient to overcome the weight of the other factors.

The overwhelming fact that drives the resolution of the motion to remand is the fact that the Georgia Action has, after eighteen months of strongly contested litigation, come to the verge of resolution. It would be folly for this Court to begin the process anew.

### *Conclusion*

It is appropriate for this court to abstain from hearing the above-styled adversary proceeding and remand the same to the Fulton County Court. All parties to that dispute shall be granted relief from the automatic stay found at 11 U.S.C. § 362(a) for the limited purpose of prosecuting the Georgia Action. The Debtor shall timely notify this court of any final resolution of the Georgia Action. None of the parties to the Georgia Action may commence or continue

any action to collect on any judgment rendered in the Georgia Action, except and unless the automatic stay found at 11 U.S.C. § 362(a) is duly modified whether by an order of a court of competent jurisdiction, by statute, or otherwise.

An appropriate order shall issue.

Upon entry of this memorandum the Clerk shall forward copies of this memorandum to Benjamin Webb King, Esq., Kurt Ramlo, Esq., John H. Maddock, III, Esq., Lee Danielson, and the United States trustee.

Entered on this   1st   day of October, 2010.

_____
William E. Anderson
United States Bankruptcy Judge